IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
FEDERAL DEPOSIT INSURANCE        )
CORPORATION, as Receiver for     )    2:12-cv-01124-GEB-EFB
DOWNEY SAVINGS AND LOAN          )
ASSOCIATION, F.A.,               )
                                 )    ORDER DENYING IN PART AND
             Plaintiff,          )    GRANTING IN PART MOTION TO
                                 )    DISMISS
     v.                          )
                                 )
FIRST PRIORITY FINANCIAL, INC.,  )
a California corporation; and    )
DAVID MICHAEL SOLDATI, an        )
individual;                      )
                                 )
             Defendants.         )
_____)
```

Defendants First Priority Financial, Inc., ("First Priority") and David Michael Soldati ("Soldati") (collectively "Defendants") moves for dismissal of Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Defs.' Mot. to Dismiss Pl.'s FAC ("Defs.' Mot."), ECF No. 25.) Defendants argue that Plaintiff's first claim alleging breach of contract against First Priority should be dismissed because it "fails to allege facts sufficient to give First Priority [] fair notice of the claim being asserted and the grounds upon which it rests," that Plaintiff's second, third, and fourth claims "are barred by the statute[s] of limitations," and that Soldati should be dismissed as a party without leave to amend because Soldati is not alleged to have "committed any breach of fiduciary duty or . . . any other act." (Id. 3:1-3, 3:21, 7:12-13.) Plaintiff opposes the motion.

## I. LEGAL STANDARD

Decision on Defendants' Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

## II. DISCUSSION

**A. Plaintiff's First Claim**

Defendants argue Plaintiff's breach of contract claim should be dismissed because it "consists almost entirely of legal conclusions." (Defs.' Mot. 3:1.) Plaintiff replies that "allegations in the FAC . . .

1  clearly set forth the nature of [Plaintiff]'s allegations against First
2  Priority, . . . [including the e]xistence of a contract[,] . . .
3  Plaintiff's [p]erformance[,] . . . [First Priority]'s [b]reach[,] . . .
4  [and] damages." (Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n") 5:1-6:4
5  (citing to FAC ¶¶ 12, 15, 17-18), ECF No. 29.) Further, Plaintiff argues
6  that "First Priority acknowledges the nature of [Plaintiff]'s
7  allegations against it [in the dismissal motion, specifically,] that
8  First Priority submitted a 'loan application [which] overstated the
9  borrower's income,' and 'misrepresented the borrower's employment[,]'
10 . . . [and therefore First Priority] cannot legitimately argue that it
11 has not been put on notice of the claims against it." (Id. 4:22-26
12 (quoting Defs.' Mot., at 3) (second alteration in original).)

13          In California, "[a] cause of action for breach of contract
14 requires proof of the following elements: (1) existence of the contract;
15 (2) plaintiff's performance or excuse for nonperformance; (3)
16 defendant's breach; and (4) damages to plaintiff as a result of the
17 breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239
18 (2008).

> [P]leading is governed by Rule 8 of the Federal
> Rules of Civil Procedure, not by State procedural
> requirements. Under Federal Rules of Civil
> Procedure 8(a), a "short and plain statement of the
> claim" suffices. The forms appended to the Federal
> Rules of Civil Procedure note that "plaintiff may
> set forth the contract verbatim in the complaint or
> plead it, as indicated, by exhibit or plead it
> according to its legal effect."

24 Securimetrics, Inc. v. Hartford Cas. Ins. Co., No. C 0500917CW, 2005 WL
25 1712008, at *2 (N.D. Cal. July 21, 2005) (quoting Fed. R. Civ. P. 8(a);
26 Fed. R. Civ. P. Official Form 3, 12).

27          Plaintiff argues that it "sets forth the existence and
28 pertinent terms of Downey's contract with First Priority, verbatim, in

3

the FAC." (Pl.'s Opp'n 5:3-4; see FAC ¶¶ 11-12.) Plaintiff also argues that the Brokerage Agreement is attached to the FAC as Exhibit A. (FAC, Ex. A.) Plaintiff further argues that it alleges "Plaintiff's [p]erformance," (Pl.'s Opp'n 5:14), "First Priority's breach of the [contract]," (id. 5:17-18), and damages. (Id. 6:3-4.)

Plaintiff alleges in the FAC that the Warranties and Representations paragraph of the Brokerage Agreement states in pertinent part: "Broker warrants and represents to Downey Savings that: (a) all information submitted by Broker with regard to any loan applications submitted . . . [is] true, correct, currently valid, and genuine, and that Broker has undertaken a reasonable investigation in making such determination." (FAC ¶ 12.) The FAC also contains the following allegations concerning First Priority's breach of the Brokerage Agreement: "In submitting the Walker Loan to Downey, First Priority breached the representations and warranties contained in the Brokerage Agreement in that the loan application misrepresented (overstated) the borrower's income," (id. ¶ 15(a)); "[i]n submitting the Canas Loan to Downey, First Priority breached the representations and warranties contained in the Brokerage Agreement in that the loan application misrepresented the borrower's employment and overstated the borrower income," (id. ¶ 15(b)); and "[i]n submitting the Kearns Loan to Downey, First Priority breached the representations and warranties contained in the Brokerage Agreement in that the loan application misrepresented (overstated) the borrower's income, and the appraisal overstated the market value of the property securing the Kearns Loan." (Id. ¶ 15(c).) Plaintiff also alleges both Plaintiff's performance and damages. (Id. ¶¶ 17-18.) Plaintiff's allegations are sufficient to withstand Defendants'

4

1 dismissal motion. Therefore, this portion of Defendants' motion is
2 DENIED.

**B. Plaintiff's Second, Third, and Fourth Claims**

Defendants argue that Plaintiff's second, third, and fourth claims, in which Plaintiff alleges "breach of duty under California Business and Professions Code Section 10232.5, 10176 and 10177, breach of fiduciary duty, and negligent hiring/supervision under California Business and Professions Code Section 10159.2[,] are barred by the statute of limitations." (Defs.' Mot. 3:18-21.) Defendants argue that "the applicable statute of limitations for tort actions brought by the FDIC as receiver is the longer of (I) the 3-year period beginning on the date the claim accrues; or (II) the period applicable under State law." (Id. 3:22-24 (citing 12 U.S.C. § 1821(d)(14)(A).) Defendants further argue that "under 12 U.S.C. [§] 1821(d)(14)(B), a claim 'accrues' on the later of (i) the date of the appointment of the Corporation as conservator or receiver, or (ii) the date on which the cause of action accrues." (Id. 3:25-4:1.)

Defendants also argue "a claim for which the state statute of limitations has expired prior to the FDIC being appointed as receiver cannot be brought by the FDIC." (Id. 4:1-2 (citing F.D.I.C. v. McSweeney, 976 F.2d 532, 534 (9th Cir. 1992).) Defendants further argue that Plaintiff's second, third, and fourth claims "will be time barred if they expired under California law prior to Plaintiff's appointment as receiver on November 21, 2008." (Id. 4:4-5.) Defendants contend that "in determining the applicable limitations period for a cause of action in California, this Court must look to 'the nature of the cause of action, i.e., the 'gravamen' of the cause of action.'" (Id. 4:18-21 (quoting Hensler v. City of Glendale, 8 Cal. 4th 1, 22-23 (1994).) Defendants

1 argue that "the gravamen of the[se] causes of action . . . is
2 negligence," which has a "two year limitations period." (Id. 5:9-13.)
3 Defendants also argue that these claims "are time barred because the
4 three loans [at issue] closed between October 2005 and May 2006" such
5 that the time by which a lawsuit should have been filed based on these
6 claims "expired at the latest sometime between October 2007 and May[]
7 2008," which was "prior to Plaintiff's November 21, 2008 appointment as
8 receiver." (Id. 4:9-13.)

9      Plaintiff rejoins that "the date that the loans closed is not
10 the date that the various statutes of limitations began to run, because
11 [Plaintiff]'s claims had not yet accrued at that point." (Pl.'s Opp'n
12 6:18-20.) Plaintiff argues that the discovery rule, which "'postpones
13 accrual of a cause of action until the plaintiff discovers, or has
14 reason to discover, the cause of action,'" governs the accrual of the
15 claims. (Id. 7:7-8:8 (quoting E-Fab, Inc. v. Accountants, Inc., Servs.,
16 153 Cal. App. 4th 1308, 1318 (2007).) Plaintiff argues that the claims
17 "did not accrue until [Plaintiff] (or Downey) discovered (or had reason
18 to discover) the facts supporting liability." (Id. 7:3-5 (citing Royal
19 Thrift & Loan Co. v. Cnty. Escrow, Inc., 123 Cal. App. 4th 24, 43
20 (2004).)

21      Defendants respond that "[i]n its opposition[] Plaintiff has
22 offered no arguments to suggest that the gravamen of its [second, third,
23 and fourth claims] is anything other than negligence [such that] the
24 two-year statute of limitations governs." (Defs.' Reply 2:22-25.)
25 Further, Defendants argue that Plaintiff does "not [include] a single
26 delayed discovery allegation in its [FAC]." (Id. 3:4-5.) Defendants
27 argue that "[w]hen a plaintiff's complaint is time barred and plaintiff
28 wishes to plead delayed discovery, the plaintiff 'must specifically

plead facts to show (1) time and manner of discovery *and* (2) **the inability to have made earlier discovery despite reasonable diligence**." (Id. 3:6-8 (quoting McKelvey v. Boeing N. Am., Inc., 74 Cal. App. 4th 151, 160 (1999).)

"Under the delayed discovery rule, 'the limitations clock only begins to run . . . when the injured party discovers or should have discovered the facts supporting liability.'" Royal Thrift & Loan Co., 123 Cal. App. 4th at 43 (quoting Davies v. Krasna, 14 Cal. 3d 502, 512-13 (1975)). Plaintiff has not alleged facts showing that the discovery rule applies to its second, third, and fourth claims Therefore, these claims are DISMISSED. In light of this dismissal, Defendants' dismissal motion challenging these same claims against Soldati is DENIED as moot.

### III.   CONCLUSION

For the stated reasons, Defendants' dismissal motion is GRANTED in part and DENIED in part. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing the deficiencies in the dismissed claims. Plaintiff is warned that a dismissal with prejudice could be entered under Rule 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated: March 26, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

7